Opinion of the Court by
Judge Mills.
[Chief Justice Bibb not setting in the cause.]
This is an action of assumpsit, tried in the court below, on the issue of non assumpsit. There were many counts, but only one for money lent and advanced, and one other need be noticed, as they are the only ones to which the evidence could plausibly apply, and on which tho legal questions arising were made.
Special count or the award.
Evidence under the special count.
Instructions moved by Waggoner and overruled.
*8 The last count is to this effect: That the plaintiffs and defendant had a controversy of and concerning certain sums of money laid out and expended by the plaintiffs, to and for the use of the defendant, and lent and advanced to him, and they mutually agreed, promised, assumed and undertook to refer and submit the matter of controversy to the arbitration and determination of a certain William Caldwell and John Montgomery, and that their award should be performed and adhered to, and be final—That said arbitrators accordingly acted, and awarded that the defendant should pay one hundred dollars in full satisfaction of the plaintiff’s demands; and the breach was assigned in the non-payment of the money.
On the trial, the proof was, that the plaintiff had a considerable account, not against the defendant, but a certain Alexander Waggener, for money lent and charged against said Alexander. That this account was thus created. The defendant applied to said Alexander Waggener for the loan of money, and he having none to lend, told the defendant that he could procure it from the plaintiffs, and that he applied to the plaintiffs for a loan, and they accordingly lent him divers sums at different times, and charged it to the proper account of the said Alexander; and the defendant was not known in the transaction, but the money was paid over by the said Alexander to the defendant, and that the defendant afterwards made divers payments to the plaintiffs on said Alexander Waggener’s account, and obtained credits for him thereon, and claimed, that he had discharged the whole of it; but the plaintiffs insisted that one hundred dollars of said account was not discharged by the defendant, and this item constituted the dispute between the plaintiffs and defendant, which they referred to the arbitrators named in the declaration, who determined that the evidence of the payment of that hundred dollars was not sufficient, and this was the whole matter referred and decided.
The counsel for defendant below, moved the court to instruct the jury, that if they believed that the *9 money claimed by plaintiffs, was lent and advanced to Alexander Waggener, and on his credit, and not that of the defendant, and that the controversy and award was concerning the account of Alexander Waggener, which the defendant had assumed by the award, they ought to find for defendant. This instruction was refused, and a verdict and judgment for the one hundred dollars having been rendered for the plaintiffs below, the defendant has appealed.
The statute does not prevent two binding themselves jointly by parol in a contract for the benefit of both—But an agreement of one entered into as surety for the original party who remains bound, is declared void.
If the credit is given to the defendant, though the co trust is for the benefit of another not bound, the case is not within the statute—Otherwise, if both undertake by parol in a contract for the benefit of one only—or then the surety is not bound.
We conceive the instruction ought to have been given. The act to prevent frauds and perjuries, though it does not prevent two or more persons on one side to enter into a joint contract for the benefit of all, yet, it certainly does prevent one person becoming surety for the debt of another, by parol only, at any time subsequent to the creation of the original demand. It, has therefore, been frequently held, that if the person for whose debt the defendant was sued, remained bound for the demand, the defendant could not be bound. Hence the proper enquiry to be left to a jury is—to whom was the original credit given? whether to the person solely who is sued for the debt of another, or to that other person, or to both, when the debt was contracted for one.
If the sole credit is found to be originally given to the defendant, then he is liable; if to the other alone, then the defendant is not liable. The converse of this principle must be equally true. If the collateral undertaker is alone bound, it follows that the person for whose benefit the debt was created, cannot be responsible. For it is absurd to say that the collateral undertaker shall be made liable solely because the other is not, and then to say that the other is liable, although the collateral undertaker is bound, which would be necessary to be maintained to support this action. Here Alexander Waggener was the sole undertaker; but the debt by an arrangement between him and the defendant, was contracted for the defendant’s benefit, which laid him liable to Alexander Waggener, but not to the plaintiffs, and the plaintiffs could not make him liable for the debt, *10 even on his subsequent promise to pay it, unless Alexander Waggener was released, which is not pretended; for there is no evidence conducing to shew that he was to be released, or that his liability was at all changed by the award.
Valuable consideration for the assumpsit of the debt of another, does not take the case out of the statute.
Plea of set off.
Replication--a singular one.
Rejoinder.
Expense as to the set off.
There may even be a valuable consideration for assuming the debt of another, and yet the assumpsit not be binding.
One other question arising out of the pleading, will be noticed, as it may prevent future embarrassment in the cause.
The defendant pleaded, by way of discount, that the plaintiffs, before the commencement of this suit, were, and yet are, indebted to him, twenty five hundred dollars, for money lent and accommodated, money had and received, and money paid, laid out and expended, for plaintiff's use and at their special instance and request, which they assumed to pay; and he prays that so much thereof may be set off as would be sufficient to satisfy the demand of the plaintiff, and a judgment for the residue.
To this plea the plaintiffs specially replied, that before obtaining their original writ, they had at the special instance and request of the defendant, loaned to, paid, advanced and laid out and expended for the defendant’s use, sundry large sums of money, amounting in the aggregate, to the sum of three thousand dollars in part satisfaction of which the said sum of twenty-five hundred dollars in the defendant’s plea named, was paid, and which payment made by the defendant, left a balance of five hundred dollars, being the aggregate of the several sums in the declaration mentioned, due and owing to the plaintiffs.
To this replication the defendant rejoined, that the plaintiffs did not pay, advance, expend and lay out to the defendant’s use, and at his instance and request, three thousand dollars as in his replication is alledged, and concluded to the country.
The account of Alexander Waggener, given in evidence, for money loaned for the benefit of the *11 defendant, did not amount to near twenty five hundred dollars.
Instructions moved by defendant, and overruled.
A default or an affirmative special plea for replication in assumpit, admits a demand of the adversary, but not the amount of it, that must be proved.
Plea of set off of 2,500 dollars, replication that defendant was in debt to plaintiff 3,000 dollars, and paid the 2500 in part thereof, and still owed the 500 dollars; rejoinder he had not owed the 3,000 dollars; The plaintiff has the onus pro bandi as to the 2,500 dollars, and must avoid it by proving the debt to him, or he fails.
*11 The counsel for defendants moved the court to instruct the jury, that unless they believed from the evidence, that the defendant, before the bringing of this suit, was indebted to the plaintiffs, a larger sum than twenty five hundred dollars, admitted by the replication to the defendant’s plea of discount, to have been received by them, they ought to find for the defendants. The court refused to give this instruction also; and this refusal is relied on as error.
It is certain that in this replication the plaintiffs did take upon themselves, the onus probandi, and were literally bound to prove a debt beyond twenty-five hundred dollars. Rut whether they’are to be held to this literal undertaking, or only to prove a demand, beyond what the defendant proved against them, is the question to be considered. It is certain that a default in assumpsit, admits a demand due, but does not admit the extent of it. Likewise an affirmative special plea, such as infancy, the statute of limitations, payment or accord and satisfaction, admits a demand, but the quantum laid in the declaration, is still a subject of controversy, and must be shewn before the plaintiff will be entitled to more than nominal damages, and this principle equally applies to special pleas and replications, the truth of which is not contested.
But still this principle does not come up to this case, for, in all these cases there is no express admission of the sum, as there is in this case. The design of legal pleadings is to compel the parties to admit, as far as can be done, consistantly with justice, till they bring the whole controversy to a contested point, which is called an issue, and it is competent for them to admit a specific sum, as well as a general undefined demand; and if they do so, they ought to be held to it Here the defendant could not be held to make proof of any, sum under twenty-five hundred dollars. To that amount an express admission remained in his favor, which cannot be fairly construed to mean the admission of a nomin *12 al amount only. Every sum proved by the plaintiffs short of that, was still covered by the admission, and therefore, the instruction moved for, ought to have been given.
Mayes. for appellant; Denny, Atto. Gen. and Monroe, for appellees.
The judgment must be reversed with costs, and the verdict set aside, and the cause be remanded for new proceedings, not inconsistent with this opinion.